# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1477V
UNPUBLISHED

KRISTA WALL,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

Chief Special Master Corcoran

Filed: February 22, 2022

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Shoulder Injury Related to Vaccine
Administration (SIRVA)

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On October 27, 2020, Krista Wall filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – a Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of an influenza ("flu") vaccination on September 20, 2019. Petition at ¶¶ 7, 20, 23-24. Petitioner further alleges that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. Petition at ¶¶ 22, 25-26. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 15, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

> DICP [Division of Injury Compensation Programs, Department of Health and Human Services] has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate because petitioner meets the criteria for a presumed SIRVA, as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation or dysfunction in her left shoulder prior to vaccination; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms.

*Id.* at 5 (citing 42 C.F.R. § 100.3(a), (c)(10); 42 U.S.C. § 300aa-13(a)(1)(B)). Respondent further agrees that "the medical records outlined above, the statutory six-month sequela requirement has been satisfied. *See* 42 U.S.C. § 300aa-11(c)(D)(I). Therefore, based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master