# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1477V
UNPUBLISHED

| | |
|---|---|
| KRISTA WALL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: March 2, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC,* for Petitioner.

*Traci R. Patton, U.S. Department of Justice, Washington, DC,* for Respondent.

## **DECISION AWARDING DAMAGES**[1]

On October 27, 2020, Krista Wall filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of an influenza ("flu") vaccination on September 20, 2019. Petition at ¶¶ 7, 20, 23-24. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 22, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 25, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded compensation of $75,000.00 for pain and suffering, $1,133.91 for unreimbursed expenses, and $3,175.88 for lost wages. Proffer at 1-2. In the Proffer, Respondent represented that

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $79,309.79 (representing $75,000.00 for pain and suffering, $1,133.91 for unreimbursed expenses, and $3,175.88 for lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRISTA WALL,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | No. 20-1477V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 27, 2020, Krista Wall ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on September 20, 2019. On February 15, 2022, respondent filed his Vaccine Rule 4(c) report, recommending that compensation be awarded. On February 22, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.

**I.**    **Items of Compensation**

    **A.**    <u>Pain and suffering</u>

Respondent proffers that petitioner should be awarded $75,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    **B.**    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $1,133.91. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.    <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $3,175.88. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $79,309.79, in the form of a check payable to petitioner, Krista Wall.

**III.**    **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Krista Wall:    **$79,309.79.**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                    HEATHER L. PEARLMAN
                    Deputy Director
                    Torts Branch, Civil Division

                    ALEXIS B. BABCOCK
                    Assistant Director
                    Torts Branch, Civil Division

                    s/*Traci R. Patton*
                    TRACI R. PATTON
                    Assistant Director
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146
                    Ben Franklin Station
                    Washington, DC 20044-0146
                    Tel: (202) 353-1589

Dated: February 25, 2022